*Agus WIDADA, Petitioner,*

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 12–71162.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 19, 2013.*

Filed Dec. 9, 2013.

David M. Haghighi, Law Offices of David M. Haghighi, APC, Los Angeles, CA, for Petitioner.

Victor Manuel Mercado–Santana, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

MEMORANDUM **

Agus Widada, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Najmabadi v. Holder,* 597 F.3d 983, 986 (9th Cir.2010). We deny the petition for review.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA did not abuse its discretion in denying Widada's motion to reopen as untimely because the motion was filed nearly four years after the BIA's final administrative order, *see* 8 C.F.R. § 1003.2(c)(2), and Widada failed to establish a prima facie case for relief, *see Najmabadi*, 597 F.3d at 986; *Halim v. Holder*, 590 F.3d 971, 978 (9th Cir.2009) ("[E]ven where an applicant has shown membership in a disfavored group, he or she must still present some evidence of individualized risk."). We reject Widada's contention that the BIA rejected evidence "out of hand," or that the BIA otherwise abused its discretion in denying his motion.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.